UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Sarah Lovelace,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Daily Releaf, LLC** and **Twice the Wellness, LLC**<br><br>Defendants. | No.<br><br>Judge<br>Magistrate Judge<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Sarah Lovelace ("Plaintiff"), individually and on behalf of all other persons similarly situated, sues the Defendants, Daily Releaf, LLC ("Daily Releaf") and Twice the Wellness, LLC ("Twice the Wellness)" (collectively "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.;* Ohio Minimum Fair Wage Standards Act ("OMWFSA"), O.R.C. § 4111.01, *et seq*.; Ohio Prompt Pay Act, O.R.C. § 4113.15, O.R.C. § 2307.60 and Fed. R. Civ. P. 23 for Defendants' failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

2. Plaintiff, the Collective Members and the Class Members are current and former employees of Defendants in Ohio. Plaintiff brings this action on behalf of herself and similarly-situated current and former non-exempt hourly employees who worked for Defendants in Ohio.

3. Under the FLSA and OMWFSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek. Defendants failed to pay Plaintiff,

the Collective Members and the Class Members one and one-half times their regular rate of pay for all time they spent working in excess of 40 hours in a given workweek. Plaintiff therefore brings this Class Action and Collective action Complaint pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) for Defendants' violations of federal and Ohio law as detailed further below.

4. Under the FLSA and OMWFSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rate of pay for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215. Defendants violated the FLSA and OMWFSA by paying Plaintiff, the Collective Members and the Class Members non-discretionary bonuses but failing to include it in their regular rates of pay for the purpose of computing overtime.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within this District.

7. At all relevant times, Plaintiff has been a resident of Cuyahoga County, Ohio and performed work for Defendants in Cuyahoga County, Ohio.

8. Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

9. Plaintiff, the Collective Members and the Class Members in their work for Defendants were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## PARTIES

10. At all times material to the matters alleged in this Complaint, Plaintiff was an employee at Defendants' "AYR" marijuana dispensaries in Northeast Ohio.

11. Plaintiff was employed by Defendants as a "budtender" at their Woodmere, Ohio and Parma Heights dispensaries from 2024 through January 2026.

12. The Collective Members are all current and former non-exempt hourly employees who worked for Defendants in Ohio at any point in the three years preceding the filing of the original Complaint.

13. The Class Members are all current and non-exempt hourly employees who worked for Defendants in the state of Ohio at any point in the three years preceding the filing of the Complaint.

14. The Class and Collective Members are non-exempt from the OMFWSA and FLSA overtime requirements.

15. At all material times, Defendants were Ohio limited liability companies licensed to transact business in the State of Ohio.

16. Under the OMFWSA and FLSA, Daily Releaf is an employer. At all relevant times, Daily Releaf had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Daily Releaf is subject to liability under the OMFWSA and FLSA.

17. At all material times, Plaintiff and the Class and Collective Members were employees of Daily Releaf as defined by the OMFWSA and FLSA, 29 U.S.C. § 203(e)(1).

18. Under the OMFWSA and FLSA, Twice the Wellness is an employer. At all relevant times, Twice the Wellness had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Twice the Wellness is subject to liability under the OMFWSA and FLSA.

19. At all material times, Plaintiff and the Class and Collective Members were employees of Twice the Wellness as defined by the OMFWSA and FLSA, 29 U.S.C. § 203(e)(1).

20. Plaintiff has given her written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached as "**Exhibit A**" and is attached again hereto.

21. The "single employer doctrine" provides that "a group of distinct but closely affiliated entities may be treated as a single employer in an FLSA collective action." *Bruske v. Capitol Watertown Sprechers, LLC*, Case No. 19-cv-851, 2021 U.S. Dist. LEXIS 159562 at *16 (W.D. Wisc. Aug, 24, 2021); *see also Sanchez v. Global Parking Mgmt.*, Case No. 14-cv-04611, 2015 U.S. Dist. LEXIS 93782 at *7 (N.D. Ill. Jul. 20, 2015). "Under this standard, courts must consider: (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Id.* citing *Trustees of Pension, Welfare & Vacation Fringe Ben. Funds of IBEW Local 701 v. Favia Elec. Co.*, 995 F.2d 785, 788 (7th Cir. 1993).

22. All courts "agree that to fulfill Congress's remedial intent, the term 'employer' should be applied broadly." *Schneider v. Cornerstone Pints, Inc.*, 148 F. Supp. 3d 690, 696 (N.D. Ill. 2015) citing *Boucher v. Shaw*, 572 F.3d 1087, 1090 (9th Cir. 2009); *Dole v. Elliott Travel &*

*Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991). "[T]he term 'employer' under the FLSA is broader than how it is understood at common law." *Id.*

23. Courts examine the "economic realities" in determining whether separate entities are joint employers. *See id.* While factors establishing a joint employer relationship include whether the defendant (1) possessed the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records; "the Seventh Circuit can be read as having rejected rigid application of the four-factor version of the economic realities test." *Id.* citing *Moldenhauer v. Tazewell Pekin Consolidated Communications Center*, 536 F.3d 640, 644 (7th Cir. 2008) ("[W]e decline to . . . limit our review [to these four factors] in this case or subsequent cases. Although these factors are certainly relevant in deciding whether an employer-employee relationship exists, it would be foolhardy to suggest that these are the only relevant factors, or even the most important.").

24. The Department of Labor has rejected control-based analysis as running contra to the totality-of-the-circumstances economic realities standard embodied in the text of the FLSA and congressional intent. *See* 86 FR 40939 (Jul. 29, 2021) (rescinding "Joint Employer" rule 29 CFR § 791).

25. Defendants hold themselves out to the public as a singular company – AYR Dispensary. See https://ayrdispensaries.com/ohio/ (last visited Feb. 3, 2026).

26. Defendants share common ownership and control.

27. Defendants share common management and corporate officers.

28. Defendants share common human resources, timekeeping and payroll systems.

29. Defendants share employees from location to location.

30. For example, Plaintiff began her employment with Defendants at their Woodmere, Ohio dispensary and Defendants subsequently moved Plaintiff to Defendants Parma Heights without any re-hiring or separate onboarding process.

31. Defendants make decisions, including the manner in which Plaintiff, the Collective Members and Class members are compensated, on a common in unified basis.

32. In other words, Plaintiff, the Collective Members and the Class Members are all paid in the same manner and are subject to the same policies regardless of which particular AYR location they may work at.

33. Defendants have a unified leadership team which directs and controls the work of all AYR employees, including Plaintiff.

34. The economic reality is that Plaintiff was employed by all Defendants as opposed to being employed by any one Defendant.

35. Defendants are not publicly traded. Facts relevant to Defendants' liability as a "single employer" or "joint employers" are of limited availability to the public and additional relevant information will come to light through the process of discovery.

## FACTUAL ALLEGATIONS

36. Defendants own and operate a chain of marijuana dispensaries doing business as AYR.

37. Plaintiff was employed by Defendants as a "budtender" at their Woodmere, Ohio and Parma Heights dispensaries from 2024 through January 2026.

38. The Collective Members are all current and former non-exempt employees who worked for Defendants at any point in the three years preceding the filing of this Complaint. The Collective Members are non-exempt from the FLSA's minimum wage and overtime requirements.

39. The Class Members are all current and former non-exempt employees who worked for Defendants in Ohio at any point in the three years preceding the filing of this Complaint. The Class Members are non-exempt from the OMFWSA's overtime requirements.

40. At all relevant times, Plaintiff was compensated on an hourly basis.

41. In her work for Defendants, Plaintiff routinely worked in excess of forty hours in a given workweek.

42. During each and every workweek, Plaintiff, the Class and Collective Members were paid on an hourly basis.

43. At all relevant times, Defendants failed to pay Plaintiff, the Collective Members and the Class Members for all hours worked.

44. At all relvant times, Defendant failed to pay Plaintiff, the Collective Members and the Class Members all compensation due and owing in a timely manner.

45. At all relevant times, Defendants failed to accurate record the hours worked by Plaintiff, the Collective Members and the Class Members.

46. At all relevant times, Defendants deliberately avoided paying overtime that was due and oweing the Plaintiff, the Collective Member and the Class Members.

47. For example, in instances in which Plaintiff worked in excess of forty hours in a given workweek, Defendants would edit her time punches to reduce the amount of overtime that it paid to Plaintiff.

48. This illegal practice is commonly known as time shaving.

49. Upon information and belief, Defendants routinely shave time from the Collective Members and the Class Members for the purpose of avoiding Defendants' overtime obligations.

50. Defendants also paid Plaintiff, the Collective Members and the Class Members

bonuses which could be earned by accomplishing predetermined monthly sales goals.

51. The bonuses which Defendants paid to Plaintiff, the Collective Members and the Class Members were non-discretionary.

52. However, Defendants did not include these non-discretionary bonuses in Plaintiff's, the Collective Members' and the Class Members' regular rates of pay for the purpose of computing overtime.

53. In light of Defendants' conduct, Plaintiff and Class and Collective Members are owed significant unpaid wages and penalties.

54. Plaintiff and Class and Collective Members are and were non-exempt employees.

55. Plaintiff and Class and Collective Members are and were paid on an hourly rate basis.

56. When they work more than forty (40) hours in a workweek, they are entitled to overtime pay.

57. As a result of Defendants' company-wide policies, Plaintiff and Class and Collective Members were not paid for all time worked each day and are owed significant unpaid wages.

58. Defendants' method of paying Plaintiff and Class and Collective Members in violation of federal and Ohio law was willful and was not based on a good faith and reasonable belief that their conduct complied with the law. Defendants knew the requirement to pay for all time worked, but intentionally and/or recklessly chose not to do so.

## COLLECTIVE ACTION ALLEGATIONS

59. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

60. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as a representative of individuals similarly situated who are current or former non-exempt hourly employees employed in Ohio by Defendants.

61. Defendants subjected all of their non-exempt hourly employees, including Plaintiff and the Collective Members, to their policy and practice of failing to pay for all hours worked and improperly calculating overtime rates in violation of 29 U.S.C. §§ 206 and 207.

62. Plaintiff's claims stated in this Complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

63. The Collective Members perform or have performed the same or similar work as Plaintiff.

64. Defendants' failure to pay minimum wage and overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff or the Collective Members.

65. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all of the Collective Members.

66. As such, Plaintiff brings these FLSA claims as a collective action on behalf of the following class:

> **All of Defendants' current and former non-exempt hourly employees who worked in Ohio at any time from three years preceding the filing of the Complaint to the present.**

67. Defendants' unlawful conduct, as described herein, is pursuant to Defendants' corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

68. Defendants are aware or should have been aware that federal law prohibited them from not paying Plaintiff and the Collective Members all owed overtime as detailed herein.

69. Defendants' unlawful conduct has been widespread, repeated, and consistent.

70. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

71. Upon information and belief, the individuals similarly situated to Plaintiff includes hundreds of non-exempt hourly employees currently and/or formerly employed by Defendants. Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession, custody, or control, but it can be readily ascertained from their employment records.

72. Notice can be provided to the Collective Members by First Class Mail to the last address known to Defendants, via email at the last known email address known to Defendants and by text message to the last known telephone number known to Defendants.

## OHIO RULE 23 CLASS DEFINITIONS AND ALLEGATIONS

73. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74. Plaintiff brings Claims for Relief for violation of Ohio wage and hour laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiff brings these claims on behalf of herself and all members of the following class comprised of:

**All of Defendants' current and former non-exempt hourly employees who worked in Ohio at any time from three years preceding the filing of the Complaint to the present.**

**Numerosity (Rule 23(a)(1)).**

75. The Class Members are so numerous that joinder of all members is impracticable. Plaintiff on information and belief alleges, that Defendants employed greater than one hundred people who satisfy the definition of the Class Members.

**a. Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

76. Common questions of law and fact exist as to the Plaintiff and the Class Members including, but not limited to, the following:

a. Whether Defendants unlawfully failed to pay the Class Members all minimum and overtime wages, in violation of the Ohio Minimum Fair Wage Standards Act ("OMFWSA");

b. Whether Defendants unlawfully failed to keep and maintain accurate and true records of the hours worked by the Class Members as required by applicable law; and

c. The damages sustained and the proper measure of restitution recoverable by members of the Class Members.

**b. Typicality (Rule 23(a)(3)).**

77. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Class Members, was subjected to Defendatnts' illegal scheme to maximize profits by depriving their employees of minimum wage and overtime compensation.

**c. Adequacy (Rule 23(a)(4)).**

78. Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

**d. Injunctive and Declaratory Relief (Rule 23(b)(2)).**

79. Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

**e. Predominance and Superiority of Class Action (Rule 23(b)(3)).**

80. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices illegally deprived Plaintiff and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendnats' practices.

81. Plaintiff intends to send notice to all Class Members to the extent required by Rule 23.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**(on behalf of Plaintiff and the Collective Members)**

82. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

83. The FLSA requires and employer to keep records that include certain identifying information about the employee and data about the hours worked and the wages earned. The law requires this information to be accurate. The following is a listing of the basic records that an employer must maintain: (1) employee's full name and social security number; (2) address, including zip code; (3) birth date, if younger than 19; (4) sex and occupation; (5) time and day of week when employee's workweek begins; (6) hours worked each day; (7) total hours worked each workweek; (8) basis on which employee's wages are paid (e.g., "$9 per hour", "$440 a week", "piecework"); (9) regular hourly pay rate; (10) total daily or weekly straight-time earnings; (11) total overtime earnings for the workweek; (12) all additions to or deductions from the employee's wages; (13) total wages paid each pay period; and (14) date of payment and the pay period covered by the payment. FLSA Factsheet #21.

84. "While the FLSA does not expressly set forth a requirement of prompt payment, such a requirement is clearly established by the authorities . . . ." *See e.g., United States v. Klinghoffer Bros. Realty Corp.,* 285 F.2d 487, 491 (2d Cir. 1960).

85. The Supreme Court explained that the Act's liquidated damages provision: constitutes a Congressional recognition that failure to pay the statutory minimum on time may be so detrimental to maintenance of the minimum standard of living 'necessary for health, efficiency and general well-being of workers' and to the free flow of commerce, that double payment must be made in the event of delay in order to insure restoration of the worker to that minimum standard

of well-being. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707, 89 L. Ed. 1296, 65 S. Ct. 895 (1945) (footnote omitted).

86. For purposes of computing pay due under the Fair Labor Standards Act, a single workweek may be established for a plant or other establishment as a whole or different workweeks may be established for different employees or groups of employees. Once the beginning time of an employee's workweek is established, it remains fixed regardless of the schedule of hours worked by him. The beginning of the workweek may be changed if the change is intended to be permanent and is not designed to evade the overtime requirements of the Act. *See* 29 C.F.R. 778.105.

87. The general rule is that overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends. Payment may not be delayed for a period longer than is reasonably necessary for the employer to compute and arrange for payment of the amount due and in no event may payment be delayed beyond the next payday after such computation can be made. *See* 29 C.F.R. § 778.106.

88. Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rate of pay for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215.

89. In their work for Defendants, Plaintiff and the Collective Members routinely worked in excess of forty hours in a given workweek.

90. During each and every workweek, Plaintiff and the Collective Members were paid on an hourly basis.

91. At all relevant times, Defendants failed to pay Plaintiff and the Collective Members for all hours worked.

92. At all relevant times, Defendants failed to pay Plaintiff and the Collective Members all compensation due and owing in a timely manner.

93. At all relevant times, Defendants failed to accurate record the hours worked by Plaintiff and the Collective Members.

94. At all relevant times, Defendants deliberately avoided paying overtime that was due and owing to Plaintiff and the Collective Members.

95. For example, in instances in which Plaintiff worked in excess of forty hours in a given workweek, Defendants would edit her time punches to reduce the amount of overtime that it paid to Plaintiff.

96. Upon information and belief, Defendants routinely shave time from the Collective Members for the purpose of avoiding Defendants' overtime obligations.

97. Defendants also paid Plaintiff and the Collective Members bonuses which could be earned by accomplishing predetermined monthly sales goals.

98. The bonuses which Defendants paid to Plaintiff and the Collective Members were non-discretionary.

99. However, Defendants did not include these non-discretionary bonuses in Plaintiff's and the Collective Members' regular rates of pay for the purpose of computing overtime.

100. Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records,

employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

101. Defendants knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and Defendants were aware of the FLSA's minimum wage and overtime requirements. As such, Defendants' conduct constitutes a willful violation of the FLSA.

102. As a result of Defendants' failure or refusal to pay Plaintiff and the Collective Members for all hours worked, and Defendants' failure or refusal to pay Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek, Defendants violated 29 U.S.C. §§ 206 and 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**COUNT TWO: OHIO MINIMUM FAIR WAGE STANDARDS ACT**
**(on behalf of Plaintiff and the Class Members who elect to opt-in)**

103. Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

104. The "FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to [the] same standards." *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL 3406032, at *3 (S.D. Ohio June 21, 2016) (citing *Haight*; *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp.2d 725, 732 (S.D. Ohio 2006); *Pritchard v. Dent Wizard Int'l. Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002)).

105. In their work for Defendants, Plaintiff and the Class Members routinely worked in excess of forty hours in a given workweek.

106. During each and every workweek, Plaintiff and the Class Members were paid on an hourly basis.

107. At all relevant times, Defendants failed to pay Plaintiff and the Class Members for all hours worked.

108. At all relevant times, Defendants failed to pay Plaintiff and the Class Members all compensation due and owing in a timely manner.

109. At all relevant times, Defendants failed to accurate record the hours worked by Plaintiff and the Class Members.

110. At all relevant times, Defendants deliberately avoided paying overtime that was due and owing to Plaintiff and the Class Members.

111. For example, in instances in which Plaintiff worked in excess of forty hours in a given workweek, Defendants would edit her time punches to reduce the amount of overtime that it paid to Plaintiff.

112. Upon information and belief, Defendants routinely shave time from the Class Members for the purpose of avoiding Defendants' overtime obligations.

113. Defendants also paid Plaintiff and the Class Members bonuses which could be earned by accomplishing predetermined monthly sales goals.

114. The bonuses which Defendants paid to Plaintiff and the Class Members were non-discretionary.

115. However, Defendants did not include these non-discretionary bonuses in Plaintiff's and the Class Members' regular rates of pay for the purpose of computing overtime.

116. Although at this stage, Plaintiff and the Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Class Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

117. As a result of Defendants' failure or refusal to pay Plaintiff and the Class Members all minimum wages and overtime due under Ohio law, Plaintiff and the Class Members are entitled to compensation for all such unpaid wages, to be proven at trial, plus treble damages and interest, reasonable attorney's fees, and costs.

**COUNT THREE: OHIO PROMPT PAY ACT**
**(on behalf of Plaintiff and the Class Members who decline to opt-out)**

118. Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

119. During all relevant times, Defendants were covered by O.R.C. § 4113.15, and Plaintiff and the Class Members were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

120. O.R.C. § 4113.15(A) requires that Defendants pay Plaintiff and the Class Members all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

121. Section 4111.10(C) specifically states that it applies to employees seeking to "join as a party plaintiff in any civil action that is brought under this section." "Because § 4111.10(C) states it applies only to 'this section,' i.e., civil actions brought under the OMFWSA, it does not

apply to Ohio's Prompt Pay Act." *Oglesby v. FedEx Ground Package Systems, Inc.*, Case No. 3:20-cv-00346 at Doc. #78, pp. 11-12 (S.D. Ohio, March 23, 2023).

122. By failing to pay Plaintiff and the Class Members all wages due to them under the FLSA, Defendants have also violated the Ohio Prompt Pay Act.

123. Plaintiff and the Class Members' unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

124. In violating Ohio law, Defendants acted willfully, without a good faith basis and with reckless disregard to Ohio law.

125. As a result of Defendants' willful violation, Plaintiff and Class Members are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15.

**WHEREFORE**, Plaintiff, Sarah Lovelace, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members' and the Class Members' favor, and against Defendants:

A. For the Court to declare and find Defendants committed one or more of the following acts:

   i. violated the minimum wage and overtime provisions of the FLSA;

   ii. willfully violated the minimum wage and overtime provisions of the FLSA;

   iii. violated the minimum wage and overtime provisions of the OMFWSA;

   iv. willfully violated the minimum wage and overtime provisions of the OMFWSA; and

   v. willfully violated the Ohio Prompt Pay Act.

B. For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff, the Collective Members and the Class Members;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. For the Court to award all treble damages, interest attorney fees and costs owed to Plaintiff and the Class Members;

F. For the Court to award Plaintiff's and the Class and Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

G. For the Court to provide a reasonable incentive award for Plaintiff to compensate her for the time she spent attempting to recover wages for the Class and Collective Members and for the risks she took in doing so; and

H. Such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, the Collective Members and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED: February 3, 2026

Respectfully submitted,

By: /s/ *James L. Simon*
James L. Simon (OH#0089483)
SIMON LAW CO.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com